IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : |
| | : |
| FULLER-AUSTIN INSULATION | : |
| COMPANY, | : Civil Action No. 02-1661-JJF |
| | : |
| Debtor. | : |

**MEMORANDUM ORDER**

Pending before the Court are two motions: (1) a Motion To Modify The Court's Order Of May 16, 2008 (D.I. 173) filed by Claimants First State Insurance Company, New England Reinsurance Corporation, and Twin City Fire Insurance Company (collectively "Hartford"), and (2) a Motion To Strike Argument IV Of The Reply Brief In Support Of Motion Of First State Insurance Company, New England Reinsurance Corporation, And Twin City Fire Insurance Company To Modify The Court's Order Of May 16, 2008 In Accordance With Delaware District Court Local Rule 7.1.3(C)(2) (D.I. 183) filed by the Fuller-Austin Asbestos Settlement Trust (the "Trust"). For the reasons discussed, the Court will deny both Motions.

I. **Background**

Following bankruptcy proceedings for the Fuller-Austin Insulation Company ("Fuller-Austin"), the Trust was established to address the claims of people who were injured due to asbestos exposure from Fuller-Austin's products. The Trust, Hartford and Fuller-Austin entered into a Settlement Agreement that was

1

approved by the Court to satisfy Hartford's obligations under certain insurance policies by paying the sum of $30 million to the Trust for distribution to asbestos claimants. (D.I. 174 Ex. 3.) The Settlement Agreement provided Hartford with a right to review certain information. (D.I. 174, Exh. 3 at 21.) The parties disputed the parameters of Hartford's review, and by Order dated January 15, 2008, the Court granted Hartford the right to review claim information within certain parameters. (D.I. 170.)

## II. The Parties' Contentions

By its Motion To Modify, Hartford requests the Court to modify its January 15, 2008 Order to allow Hartford to retain, without specification of a definite duration, the claim information and to modify certain confidentiality requirements. Specifically, Hartford requests the Court to delete the portion of the Order requiring the materials to be returned and copies destroyed and to alter the confidentiality paragraph to read:

> ORDERED, that Hartford, absent further order of the Court, shall be permitted to obtain, maintain and utilize the Review Materials, except that Hartford shall be required to maintain the confidentiality of (I) all medical records and/or information that is not related to asbestos-related disease or to lung disease, (ii) social security numbers (except when necessary to prove identity), and (iii) information concerning minor members of a claimant's family, except in a personal representative (collectively, the "Confidential Information"). Hartford shall not disclose, release, share or disseminate such Confidential Information identified in this paragraph[.]

(D.I. 173 at 7.)

2

The Trust and The Trust Advisor oppose Hartford's requested modifications.  Specifically, the Trust and Trust Advisor contend that the right to review provided in the Settlement Agreement and discussed in the Court's January 18, 2008 Order does not give Hartford the right to posses or use the claim information.  The Trust and Trust Advisor also urge the Court to require Hartford to maintain the confidentiality of the reviewed materials.

In addition, both parties contend that neither party has complied with the Court's January 18, 2008 Order.  Specifically, Hartford contends that the Trust did not provide the claim information in its originally stored file format.  The Trust moves to strike this argument contending that it was not raised in Hartford's Opening Brief.  In addition, the Trust contends that Hartford has not properly paid the Trust for the costs it incurred in supplying the claim information, and Hartford failed to destroy the materials it created as a result of its review of the materials provided by the Trust.

### III. Discussion

After reviewing the parties' arguments, the Court declines to modify either the Settlement Agreement or its previous Order. The Court is not persuaded that the right to review the claim information provided for in the Settlement Agreement should be rewritten as a right to retain the information indefinitely. Ritzenthaler v. Fireside Thrift Co., 113 Cal. Rptr. 2d 579, 583

(Cal. Ct. App. 2001) (holding that "we cannot rewrite the agreement for the parties; we can only interpret the agreement the parties wrote themselves"). The Court's Order provided Hartford with the right to seek an extension of time to review the material upon good cause shown, and the Trust, without Court intervention, granted Hartford several extensions of time for additional review. In the Court's view, the mechanism of seeking a reasonable extension of time for the review of the materials is preferable to transforming the right to review contained in the Settlement Agreement into an unfettered right to retain, which was not originally bargained for by the parties.[1] The Court further concludes that given the sensitive nature of the materials disclosed, the confidentiality of the disclosed information should be maintained consistent with the Court's directives and any agreements among the parties that have imposed confidentiality requirements.

As for Hartford's argument concerning the Trust's alleged non-compliance with the Court's January 18 Order, the Court concludes that this issue was raised, albeit briefly, in a footnote in Hartford's Opening Brief, and therefore, the Court will deny the Trust's Motion To Strike. As for the substance of Hartford's non-compliance claim, the Court concludes that the

---

[1] In reaching this conclusion, the Court further notes that Hartford has never disclosed to the Trust, the Trust Advisor or the Court how it intends to use the information.

Trust properly complied with the Court's Order. The .tif formatting of the claim information was proper based on the Trust's explanation that the majority of the information was scanned from hard copies to create electronic documents. In light of that process, the Court is persuaded that the production of .tif files constitutes an ordinary means of storing the information.

As for the Trust's contention that Hartford failed to pay for the expense of producing the claim information, Hartford contends that the invoice provided by the Trust contained no explanation for the amounts incurred and improperly charged Hartford for time spent after the DVD's were sent to Hartford. (D.I. 181 at 15 n.16.) Hartford further contends that it requested the Trust to substantiate its contentions that the costs incurred were reasonable, and the Trust has failed to respond. (Id.) To the extent issues concerning compensation remain outstanding, the Court directs the Trust to provide support for the invoice or invoices it has sent to Hartford that remain unpaid within ten days of the Court's Order. If disputes remain regarding this issue, either party may motion the Court for relief.

To the extent the Trust contends that Hartford has failed to destroy documents it created after reviewing the materials, the Court declines to grant the Trust relief. Hartford has

represented that it has returned the materials provided consistent with the Court's Order, and nothing in the letter of the Court's Order requires Hartford to destroy documents it may have prepared as a result of its review, so long as those documents are not fairly characterized as copies of the materials, the destruction of which is expressly contemplated by the Court's Order. (D.I. 170.) Accordingly, the Court will not Order Hartford to destroy documents it created during the review process; however, the Court binds Hartford to the confidentiality parameters contained in its previous Order and any agreements among the parties.

NOW THEREFORE, IT IS HEREBY ORDERED, that:

1. The Motion To Modify The Court's Order Of May 16, 2008 (D.I. 173) filed by Claimants First State Insurance Company, New England Reinsurance Corporation, and Twin City Fire Insurance Company is **DENIED**.

2. The Motion To Strike Argument IV Of The Reply Brief In Support Of Motion Of First State Insurance Company, New England Reinsurance Corporation, And Twin City Fire Insurance Company To Modify The Court's Order Of May 16, 2008 In Accordance With Delaware District Court Local Rule 7.1.3(C)(2) (D.I. 183) is **DENIED**.

3. The Trust shall provide support for the invoice or invoices it has sent to Hartford that remain unpaid **within ten**

**(10) days** of the date of this Memorandum Order.  If disputes remain regarding this issue, either party may motion the Court for appropriate relief.

    4.    The Court will retain jurisdiction over matters arising related to this Order.

\_\_\_\_July 15, 2010\_\_\_\_  
    DATE

\_\_\_\_/s/ Joseph J. Farnan Jr.\_\_\_\_  
UNITED STATES DISTRICT JUDGE